# IN THE COURT OF APPEALS OF IOWA

No. 21-0697
Filed October 19, 2022

**SETH ADAM BABCOCK,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Joel D. Yates,

Judge.


Seth Babcock appeals the denial of his application for postconviction relief.

**AFFIRMED.**



Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.


Considered by Greer, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**CARR, Senior Judge.**

In 2012, Seth Babcock was charged with two counts of sexual abuse in the third degree, two counts of incest, and one count of dissemination and exhibition of obscene materials to a minor. All charges related to allegations involving C.B. According to the minutes of testimony, C.B. would testify that she is Babcock's minor half-sister and that in June and July 2011 he forced her to engage in sexual activity and showed her pornographic material. Babcock eventually pleaded guilty to one count of sexual abuse in the third degree pursuant to an agreement to dismiss all other charges. The district court sentenced him to a term of incarceration not to exceed ten years with a lifetime special sentence.

In February 2020, Babcock filed an application for postconviction relief (PCR), claiming actual innocence and ineffective assistance of counsel.[1] The matter proceeded to a PCR trial in July 2021. The court found Babcock failed to prove his allegations and denied his application.

Babcock appeals. We choose to bypass concerns Babcock failed to satisfy the statute of limitations and address the merits of his claims. *See* Iowa Code § 822.3 (2020) (generally requiring a PCR application to be filed within three years from the date conviction is final). We ordinarily review the denial of a PCR application for correction of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, we review a claim of ineffective assistance of counsel de novo. *Id.* "In addition, we give weight to the lower court's findings concerning witness credibility." *Id.*

---

[1] Babcock filed an earlier PCR application, which was dismissed for failure to provide proof of service.

Babcock pleaded guilty to sexual abuse in the third degree under Iowa Code section 709.4(2)(c)(4) (2011). Under this section, sexual abuse in the third degree occurs when a "person performs a sex act," "[t]he act is between persons who are not at the time cohabiting as husband and wife," "[t]he other person is fourteen or fifteen years of age," and "[t]he person is four or more years older than the other person." Iowa Code § 709.4(2)(c)(4).

First, Babcock argues he recently discovered new evidence that C.B. lied about the events leading to his conviction. He now claims he is actually innocent of the charge and he never performed a sex act on C.B.

> For [a PCR] applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). Specifically, Babcock testified his pastor and other people told him C.B. lied about the events. His testimony is the only evidence C.B. lied. We note this testimony is vague and hearsay, possibly second-hand hearsay or even farther removed. The district court necessarily found him not credible on this claim in denying his application, and we place weight on this finding. *See Ledezma*, 626 N.W.2d at 141.

Even if we assume C.B.'s statement in the minutes of testimony lacks credibility, other evidence supports Babcock's guilt. Babcock admitted to incriminating facts during a police interview.[2] Babcock's presentence investigation

---

[2] The substance of these admissions is not in the record. However, Babcock filed a motion to suppress these statements during the criminal proceeding. He later voluntarily dismissed this motion to suppress in anticipation of his guilty plea.

report contains his admission that he performed a sex act on C.B., who was fourteen years old at the time and more than four years younger than himself. He claimed the sex act was consensual in this admission, but lack of consent is not an element of section 709.4(2)(c)(4). During the PCR trial, he denied making this admission, but he also acknowledged he and his attorney did not try to correct the report during sentencing. The State further provided evidence police found used condoms in Babcock's apartment and testing showed DNA on the condoms was consistent with both Babcock and C.B. Therefore, considering the entire record, we find no error in the court's conclusion Babcock failed to carry his burden for claiming actual innocence via newly discovered evidence.

Second, Babcock argues his attorney was ineffective for failing to investigate evidence his brother performed sex acts on C.B. "To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice." *Ledezma*, 626 N.W.2d at 142. Babcock specifically testified his brother's cell phone has pictures, video, and text messages proving his brother performed sex acts on C.B. This cell phone evidence is not in the record, and Babcock's testimony is the only evidence his brother performed sex acts on C.B. Again, we place weight on the court's finding that this claim is not credible. *See id.* at 141.

Even if we assume the brother performed sex acts on C.B., Babcock does not explain how this fact would have exonerated him. We further note the record contains no indication Babcock concealed his identity or C.B. otherwise misidentified him as her assailant during the time in question. Therefore, we reject

his claim his attorney was ineffective for failing to investigate the possibility his brother performed sex acts on C.B.  *See id.*

**AFFIRMED.**